UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     vs.<br><br>DONNA YUK LAN LEONG (01), MAX<br>JOHN SWORD (02), ROY KEIJI<br>AMEMIYA JR. (03),<br><br>              Defendant. | CR. NO. 21-00142 LEK |

**ORDER DENYING DEFENDANT ROY KEIJI AMEMIYA, JR.'S MOTION FOR
DISCLOSURE OF GRAND JURY MATERIAL [FILED 7/7/22 (DKT. NO. 119)]**

          Defendant Roy Keiji Amemiya, Jr. ("Amemiya") seeks an
order compelling the production of grand jury transcripts from
Plaintiff United States of America ("the Government").  See
Amemiya's Motion for Disclosure of Grand Jury Material, filed
7/7/22 (dkt. no. 119) ("Motion").  Amemiya submits that both the
original indictment and the superseding indictment "lack any
reference to circumstances where the grand jury could form
probable cause to support . . . that Mr. Amemiya actually agreed
to join an unlawful conspiracy."  [Amemiya's Memorandum in
Support of Motion ("Mem. in Supp.") at 9.]  As a result, he
requests the grand jury transcripts, including the summations
and law given to the grand jury, to "ensure Mr. Amemiya's
constitutional rights were not violated . . . ."  [Id. at 16.]
The Government opposes the Motion on the ground that Amemiya

fails to carry "his burden of articulating a legitimate need that would justify an intrusion into the grand jury's deliberations."  [Govt's Opposition to Amemiya's Motion for Disclosure of Grand Jury Material [Dkt. 119], filed 7/21/22 (dkt. no. 134) ("Mem. in Opp."), at 4.]

Amemiya filed his reply on July 28, 2022.  <u>See</u> Amemiya's Reply in Support of Motion for Disclosure of Grand Jury Materials (Dkt. No. 119), filed 7/28/22 (dkt. no. 141) ("Reply"), at 2.

For the reasons set forth below, the Motion is DENIED.

**<u>FACTUAL BACKGROUND</u>**

On December 16, 2021, Amemiya was indicted, along with Defendants Donna Yuk Lan Leong ("Leong") and Max John Sword ("Sword"), and charged with one count of conspiracy

> a.   To embezzle, steal, obtain by fraud and otherwise without authority knowingly convert over $5,000 or more from a program receiving federal funding, in violation of Title 18, United States Code, Section 666(a)(1)(A); and,

> b.   To devise and intend to devise, with the intent to defraud, a material scheme and artifice to defraud and to obtain money and property from persons by materially false and fraudulent pretenses, representations, promises, and omissions of material facts, in violation of Title 18, United States Code, Section 1343.

[Indictment, filed 12/16/21 (dkt. no. 1), at 9.]  Subsequently, on March 17, 2022, a First Superseding Indictment was filed as to all defendants, which again alleged one count of the

2

conspiracy (Count 1) and added five additional counts alleging offenses of false statements in violation of 18 U.S.C. § 1001 (Counts 2 through 6) only as against Leong.  See First Superseding Indictment, filed 3/17/22 (dkt. no. 79) ("Superseding Indictment").  Leong, Sword and Amemiya appeared at the arraignment and plea hearing on March 23, 2022, and each entered a plea of not guilty.  See Minutes - EP: as to Defendants (01) Donna Yuk Lan Leong (02) Max John Sword, and (03) Roy Keiji Amemiya, Jr. - Telephonic Arraignment and Plea to the First Superseding indictment, filed 3/23/22 (dkt. no. 91).

## STANDARDS

A request for grand jury transcripts is also within the sound discretion of the trial court. United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985).  Rule of Criminal Procedure 6(e)(3)(C)(i) permits a court to order disclosure of matters occurring before a grand jury in specified situations.  A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a "particularized need exists * * * which outweighs the policy of secrecy."  Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S. Ct. 1237, 1241, 3 L. Ed. 2d 1323 (1959).  The "particularized need" standard was reaffirmed in Dennis v. United States, 384 U.S. 855, 870, 86 S. Ct. 1840, 1849, 16 L. Ed. 2d 973 (1966), with a general suggestion in favor of disclosure.

United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (per curiam).

Rule 6(e), as it applies to defendants, provides that a court may authorize disclosure of grand jury matters:

3

"preliminarily to or in connection with a judicial proceeding;" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]"  Fed. R. Crim. P. 6(e)(3)(E)(i)-(ii).

## DISCUSSION

Amemiya is required to demonstrate "a strong showing of particularized need" for grand jury transcripts.  See United States v. Sells Eng'g Inc., 463 U.S. 418, 443 (1983).  He states that a substantial likelihood exists that he was indicted without sufficient evidence or probable cause, and thus the Superseding Indictment is subject to dismissal.  Grand jury proceedings are presumptively secret.  See Fed. R. Crim. P. 6(e)(2).  This district court has ruled that

> [w]ith respect to allowing discovery of grand jury transcripts, the Ninth Circuit has cautioned against allowing "across the board fishing expeditions."  United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978).  The Ninth Circuit has stated that "[a] trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a particularized need exists which outweighs the policy of secrecy."  United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (internal quotation marks and alteration omitted).  Particularized need must be based on more than mere speculation, and the burden is on the defendant to show that disclosure of grand jury transcripts is appropriate.  See id. (citing Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S. Ct. 1237, 3 L. Ed. 2d 1323 (1959)).

4

United States v. Finch, Cr. No. 10-00333 SOM-KSC, 2010 WL
3834961, at *5 (D. Hawai`i Sept. 24, 2010).

Amemiya argues that he "must be given access to the
transcripts . . . so that he can make an informed argument in
seeking to dismiss the Superseding Indictment."  [Mem. in Supp.
at 11.]  In brief, he seeks the grand jury matters on a
suspicion that the transcripts contain evidence of legal
improprieties.  This speculation falls far short of
demonstrating a particularized need exists.

Amemiya suggests that prosecutorial misconduct
occurred in the grand jury process: "Moreover, the documents
produced by the Government show a strong likelihood that the
government intentionally did not provide highly exculpatory
evidence to the grand jury.  As such, the grand jury was either
misled or not instructed properly by the Government."  [Reply at
2.]  This claim of prosecutorial misconduct would not compel the
dismissal of the original indictment or the Superseding
Indictment, and thus Amemiya fails to demonstrate particularized
need.  See United States v. Murray, 751 F.2d 1528, 1533 (9th Cir.
1985) (rejecting claim that defendant showed particularized need
when the alleged misconduct would not have compelled dismissal
of the indictment).  More than speculation that an impropriety

has occurred must be demonstrated.  See United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980).

Because Amemiya fails to meet his burden to demonstrate particularized need, he has not overcome the presumption of secrecy for grand jury transcripts and his Motion must be denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, Amemiya's Motion for Disclosure of Grand Jury Material, [filed 7/7/22 (dkt. no. 119),] is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 3, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>**USA VS. DONNA YUK LAN LEONG, ET AL.**</u>**; CR 21-00142 LEK; ORDER DENYING DEFENDANT ROY KEIJI AMEMIYA, JR.'S MOTION FOR DISCLOSURE OF GRAND JURY MATERIAL [FILED 7/7/22 (DKT. NO. 119)]**